UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **CRAIG L. EVILSIZOR** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | Case No.: _____ |
|     **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

**COMPLAINT FOR DAMAGES IN A CIVIL CASE**

Plaintiff, Craig L. Evilsizor ("Plaintiff") by counsel, Sweeney Law Firm, asserts this medical malpractice action against the Defendant, United States of America, and for his Complaint alleges and says as follows:

**PARTIES**

1. Craig L. Evilsizor is a citizen of Fort Wayne, Indiana.

2. The Defendant is the United States of America. At all times relevant hereto, the United States acted through its agency, the Department of Veterans Affairs ("VA"), its subdivision, the Veterans Health Administration ("VHA"), and the employees of those agencies.

3. At all times relevant hereto, the Defendant employed a podiatrist, Dr. Bradley R. Hammersley ("Dr. Hammersley"), to provide podiatric medical care and treatment at the Veterans Administration Northern Indiana Health Care System ("VANIHCS") in Fort Wayne, Indiana and Marion, Indiana.

4. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant.

## JURISDICTION AND VENUE

5. Because the United States is the Defendant in this case, this Court has jurisdiction under 28 U.S.C. §1346.

6. The United States has waived its sovereign immunity pursuant to 5 U.S.C. §702.

7. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant and was an "employee of the government" as defined by 28 U.S.C. §2671.

8. Because Dr. Hammersley was acting within the scope and course of his employment as an "employee of the government" at all times relevant hereto, the Defendant is not entitled to the "Independent Contractor Exception," pursuant to *Edison v. United States*, 822 F.3d 510, 2016.

9. Because Dr. Hammersley was an "employee of the government" at all times relevant hereto, the Defendant is not entitled to dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

10. Pursuant to 28 U.S.C. §1391(e)(1), venue is proper within the Northern District of Indiana Fort Wayne Division because the events or omissions giving rise to this action occurred in this District.

11. Plaintiff has exhausted his administrative remedies pursuant to 28 U.S.C. §2675(a).

12. Pursuant to 28 U.S.C. §2675(a), Plaintiff submitted a Standard Form 95 ("SF95") to the Veterans Administration on May 7, 2018 detailing his claim against the Defendant.

13. On August 11, 2020, the VA sent Plaintiff a letter indicating that his claim was denied because the "tort claim is barred unless it is presented within two years after the claim accrues, as provided in section 2401(b), title 28, United States Code (U.S.C.)."

14. Pursuant to 28 U.S.C. §2401(b), Plaintiff files this action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

15. Plaintiff first learned that the care provided to him by Dr. Hammersley was malpractice when he met with VA administrators on February 26, 2018.

16. Plaintiff could not have learned that the acts and/or omissions by Dr. Hammersley were malpractice until he met with the VA administrators on February 26, 2018.

17. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been satisfied.

## STATEMENT OF CLAIM

18. Plaintiff presented to the VA Emergency Department on June 13, 2008 with a complaint of left Achilles tendon pain, which had been present since he injured the Achilles in April 2007. Plaintiff received no treatment for the Achilles injury during this visit.

19. Plaintiff saw his primary care provider on November 6, 2008 for left ankle and Achilles pain. He was given some pain medications and was referred to podiatry.

20. Plaintiff saw Dr. Karen Sloane, DPM on April 10, 2009 for the Achilles injury. Dr. Sloane ordered an MRI of the ankle.

21. Plaintiff had the MRI on May 28, 2009.

22. Plaintiff returned to Dr. Sloane on May 29, 2009. Dr. Sloane documented that the MRI showed a partial tear of the Achilles tendon. Dr. Sloane scheduled Plaintiff for an appointment with Dr. Hammersley for June 5, 2009.

23. Dr. Hammersley saw Plaintiff on June 5, 2009. At that time, Dr. Hammersley recommended surgical correction of the Achilles with tendon graft jacket.

24. On June 26, 2009, Dr. Hammersley performed a debridement and repair of the left Achilles tendon using graft jacket.

25. Prior to the surgery, Dr. Hammersley did not refer Plaintiff to physical therapy.

26. Dr. Hammersley breached the standard of care by failing to attempt more conservative treatment prior to performing surgery.

27. After the surgery, Dr. Hammersley never sent Plaintiff to physical therapy.

28. Dr. Hammersley breached the standard of care by not referring Plaintiff to physical therapy after the surgery.

29. Dr. Hammersley breached the standard of care by failing to instruct and/or order Plaintiff to begin range of motion exercises until eight weeks after the surgery.

30. Dr. Hammersley breached the standard of care regarding the manner in which he performed the surgery.

31. According to the Institutional Disclosure of Adverse Event ("Disclosure") document from the VA dated March 5, 2018 (attached hereto as Exhibit 1), Dr. Hammersley committed the following acts of malpractice and betrayal in connection with podiatry care and services rendered to the Plaintiff:

> * MRI shows less than 50% tear. Dr. Hammersley documented medial and lateral injuries that were not supported in the MRI.
> * Conservative treatment was not considered.
> * Dr. Hammersley documents that he performed a linear incision (6inches) which is not necessary for the surgery.
> * Veteran developed pulmonary emboli post-surgery and was admitted to the ICU for 4 days.
> * Post-surgery Achilles tendon repairs need to begin Range of Motion in 2-3 weeks. Mr. Evilsizor was not ordered ROM until after 8 weeks post-operative.
> * Veteran continues to have tenderness and pain after long periods of time of feet.

32. Plaintiff contends that Dr. Hammersley breached the standard of care in all the ways specifically outlined in paragraph 31 of this Complaint. Plaintiff hereby incorporates by reference all the specific allegations of negligence spelled out, in detail, in the "Disclosure" from the VA dated March 5, 2018 including the following negligent acts and omissions:

> * MRI shows less than 50% tear. Dr. Hammersley documented medial and lateral injuries that were not supported in the MRI.
> * Conservative treatment was not considered.
> * Dr. Hammersley documents that he performed a linear incision (6inches) which is not necessary for the surgery.
> * Veteran developed pulmonary emboli post-surgery and was admitted to the ICU for 4 days.
> * Post-surgery Achilles tendon repairs need to begin Range of Motion in 2-3 weeks. Mr. Evilsizor was not ordered ROM until after 8 weeks post-operative.
> * Veteran continues to have tenderness and pain after long periods of time of feet.

33. On February 26, 2018, Plaintiff was notified by VA administrators that he was the victim of malpractice at the hands of Dr. Hammersley. At the February 26, 2018 disclosure meeting, VA administrators informed Plaintiff he had the right to file a malpractice claim against the VA and provided him with a blank Standard Form (SF95) to complete and submit to the VA.

34. In the March 5, 2018 Disclosure document, the VA admitted that Dr. Hammersley committed the above-mentioned acts of malpractice in connection with the podiatry care and treatment rendered by Dr. Hammersley to the Plaintiff.

35. As a direct and proximate result of Dr. Hammersley's negligence and unnecessary surgery on June 26, 2008, Plaintiff suffered serious and permanent harm including chronic left ankle and Achilles tendon pain as well as impaired function of his left ankle.

36. As further direct and proximate result of Dr. Hammersley's negligence and unnecessary surgery, the quality of Plaintiff's life has been significant diminished. The Plaintiff began experiencing profound feelings/emotions of betrayal when he learned (from a VA podiatrist, Dr. Becker) that the surgery he underwent on June 26, 2008 was totally unnecessary.

37. Plaintiff is seeking the applicable elements/categories of damages set forth in Indiana Model Civil Jury Instructions ("IMCJI") 703.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against the Defendant and respectfully requests compensatory damages that are commensurate with the harm suffered by Plaintiff and for all losses, injuries and damages, including the costs of this action and for all other just and proper relief in these premises.

Pursuant to 28 U.S.C. §2675(b), Plaintiff seeks damages equal to the maximum amount allowable under the Indiana Medical Malpractice Act ($1,250,000).

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

                        Respectfully submitted this 22nd day of December 2020,

                        <u>"/s/" David L. Farnbauch</u>
                        David L. Farnbauch (#11187-45)
                        SWEENEY LAW FIRM
                        8019-B Lima Road
                        Fort Wayne, IN 46818
                        (260) 420-3137
                        Email: dlf@sweeneylawfirm.com


                        <u>"/s/" Nicholas L. King</u>
                        Nicholas L. King (#30709-49)
                        COWAN & KING, LLP
                        P.O. Box 90379
                        Indianapolis, IN 46290
                        (317) 246-8784
                        Email: nlk@cowanandking.com